Joshua G. Gigger
201 S. Main St., Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 428-6311
*josh.gigger@stoel.com*

Elliott Williams (*pro hac vice* forthcoming)
760 S.W. Ninth Ave., Suite 3000
Portland, OR  97205
Telephone: (503) 294-9571
*elliott.williams@stoel.com*

Brian C. Park (*pro hac vice* forthcoming)
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
*brian.park@stoel.com*

Attorneys for Plaintiff SNAPRAYS, LLC d/b/a SNAPPOWER

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SNAPRAYS, LLC (d/b/a SNAPPOWER), a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTING DEFENSE GROUP LLC, a Delaware limited liability company,<br><br>Defendant. | **DECLARATORY JUDGMENT COMPLAINT FOR PATENT NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case No. 2:22-cv-00403-DAK<br><br>Judge: Dale A. Kimball |

Plaintiff SnapRays, LLC d/b/a SnapPower ("Plaintiff" or "SnapPower") files this declaratory judgment complaint against Defendant Lighting Defense Group LLC ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This action arises out of the actual and justiciable case or controversy that exists between Plaintiff and Defendant, arising out of Defendant's patent assertion efforts against Plaintiff's lawful activities based on a patent of which no valid claims are infringed and for which no relief is legally warranted.

## THE PARTIES

3. Plaintiff is a Utah limited liability company with its principal place of business at 426 East 1750 North Unit D, Vineyard, UT 84057.

4. Defendant is a Delaware limited liability company with its principal place of business at 4260 North Brown Avenue Suite #8, Scottsdale, AZ 85251. On information and belief, Defendant is a non-practicing patent assertion entity.

## JURISDICTION AND VENUE

5. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq*. Plaintiff brings this civil action against Defendant under 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgment of non-infringement with respect to United States Patent No. 8,668,347 ("the '347 Patent" or "the patent-in-suit"). Attached hereto as Exhibit 1 is a true and correct copy of the '347 Patent.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. The Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400.  Defendant has directed its patent assertion campaign at Plaintiff (a Utah resident) in this judicial district by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '347 Patent through a private, third-party tribunal (discussed below).  This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '347 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Utah.

8. On or around May 27, 2022, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business. Attached hereto as Exhibit 2 is a true and correct copy of the notification of the Amazon Complaint sent to Plaintiff.

9. Simultaneously, Defendant engaged with Plaintiff in written correspondence and oral communications to induce Plaintiff to pay monies to Defendant as a means to resolve the infringement dispute, for example, via a buy-out of Defendant's purported '347 Patent rights. When Plaintiff contacted Defendant regarding the Amazon Complaint, Defendant responded in relevant part: "We are very familiar with Snap Power and both its litigation and ITC activity."

10. By initiating the Amazon Complaint against SnapPower, a company with whom Defendant was very familiar, Defendant availed itself of the laws of the state of Utah and knew that its actions would harm SnapPower in this district.  Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff in Utah and prejudices Plaintiff's ability to conduct business in Utah.  Defendant's acts seek to disrupt the stream of commerce originating in Utah *vis-a-vis* Plaintiff's goods.

11. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district. The legal rights that were violated as complained of herein exist in Utah, and a substantial part of the improper restraint of trade with anticompetitive effects on the market occurred in Utah.

## PLAINTIFF AND ITS RIGHTS

12. Plaintiff is an industry leader in the design, development, and manufacture of electrical outlet covers with integrated guide lights, safety lights, motion sensor lights, and USB charging technology.

13. Plaintiff has been in existence since 2014 and has earned substantial business and good will based on Plaintiff's technological innovations and reliable business practices. Plaintiff engages in interstate commerce, including in Utah, in regard to sale of products allegedly covered by the patent-in-suit. Plaintiff utilizes an extensive sales network to market and sell its outlet cover plates. Examples of Plaintiff's products are shown, as follows:





14. Plaintiff also does substantial business marketing and selling its Accused Products on the Amazon web marketplace. Plaintiff has earned further substantial business and good will utilizing the Amazon platform based on Plaintiff's technological innovations, reliable business practices, and extensive history of product quality.

15. Plaintiff's innovations have been recognized by the United States Patent and Trademark Office ("USPTO") through the issuance of numerous patents, including 24 issued United States utility patents and 16 issued United States design patents owned by Plaintiff.

16. Plaintiff's innovations have also been recognized by the industry. Plaintiff's products have been featured in numerous media outlets and publications, including without limitation *Forbes*, Gizmodo, c|net, the *Today Show*, BuzzFeed, and *Better Homes and Gardens*. For example, Plaintiff's SnapPower GuideLight (as an exemplary embodiment of Plaintiff's own patented technology) has received voluminous praise from consumers and industry experts:

- "After Guidelight, night-lights may never be the same again." c|net
- "should eventually be standard in every home" Gizmodo
- "This has got to be one of the more brilliant (pun intended) inventions of recent memory" ProTool Reviews
- "Snap Power Builds a Better Night-Light." *Forbes*

5

- "This project is going absolutely bonkers on Kickstarter" Business Insider
- "These plate designs seem too good to be true." www.engineering.com
- International Builders Show awarded the Guidelight "Overall Best in Show" and "Best Indoor Living Product" in 2015.
- Handy Magazine awarded the Guidelight one of 10 Innovation Awards in 2014.
- "A powerful invention, indeed." *Chicago Tribune*, 2016
- *This Old House* named SnapPower's Guidelight as one of the "Top 100 New Home Products in 2014."

17. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Accused Products do not infringe the '347 Patent because none of the Accused Products possess all the elements and limitations of any claim of the patent-in-suit. For example, claims 1-11 of the patent-in-suit require transmission tabs each configured as an elongated, rigid, or semi-flexible tab. The Accused Products lack such tabs. The Accused Products also lack a faceplate to be received between the electrical receptacle and a decorative receptacle plate, as required by claims 12-20 of the patent-in-suit. Further, the power prongs of the Accused Products are non-removably secured to the cover plate, unlike the removable transmission tabs required by dependent claims of the '347 Patent. Each claim of the patent-in-suit requires, at least, one element or limitation missing from the Accused Products which, thus, do not infringe the patent-in-suit.

## DEFENDANT'S UNLAWFUL ACTIVITIES

18. On March 11, 2014, the USPTO issued the '347 Patent.

19. Defendant purports to own all right, title, and interest in the '347 Patent, including the right to license, sell, and enforce the patent-in-suit.

20. On or around May 27, 2022, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business. Simultaneously, Defendant engaged with Plaintiff in written correspondence and oral communications to induce Plaintiff to pay monies to Defendant as a means to resolve the infringement dispute, for example, via a buy-out of Defendant's purported '347 Patent rights.

21. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (UNITED STATES PATENT NO. 8,668,347)

22. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

23. Plaintiff has not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any claim of the '347 Patent.

24. Plaintiff has not infringed, directly or indirectly, any claim of the '347 Patent either literally or via the doctrine of equivalents.

25. Defendant's patent infringement allegations regarding the '347 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

26. Plaintiff is entitled to declaratory judgment adjudicating that the patent-in-suit is not infringed by Plaintiff and enjoining Defendant from continuing its patent assertion campaign against Plaintiff in Utah and elsewhere.

27. An actual case or controversy exists between Plaintiff and Defendant based on Defendant's wrongful assertion of patent infringement against Plaintiff, forming a justiciable controversy between the parties that is ripe for determination as to the '347 Patent.

28. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the patent-in-suit is not infringed by Defendant.

2. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

   A. restraining and enjoining, preliminarily and permanently, any assertion of the patent-in-suit against Plaintiff; and

   B. requiring that Defendant provide written notice of the injunction to all enjoined parties.

3. Judgment that this case is exceptional under 35 U.S.C. § 285 based on Defendant's conduct.

4. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

5.     That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

6.     That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

DATED this 16th day of June 2022.

Respectfully submitted,

STOEL RIVES LLP

  /s/Joshua G. Gigger
Joshua G. Gigger
Elliott Williams (*pro hac vice* forthcoming)
Brian C. Park (*pro hac vice* forthcoming)

Attorneys for Plaintiff
SNAPRAYS, LLC d/b/a SNAPPOWER